**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4086SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Miguel Angel Reyna-Segovia, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 1997
Filed: September 17, 1997

_____

Before FAGG, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The Government charged Miguel Angel Reyna-Segovia with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). Reyna-Segovia initially pleaded guilty to the charge, but then, against the repeated advice of counsel, moved to withdraw his plea. The district court found Reyna-Segovia met his burden on the factors warranting withdrawal, and granted the motion. See United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997), petition for cert. filed, No. 96-8478 (U.S. Apr. 3, 1997). At trial, co-conspirators testified about their drug activity with Reyna-Segovia. Based on this testimony, the jury convicted Reyna-Segovia and at sentencing the district court attributed more methamphetamine to him

than the plea agreement had. Having lost his gamble with the jury and having received a longer sentence, Reyna-Segovia contends on appeal the district court should have denied his motion to withdraw his plea. According to Reyna-Segovia, the district court should have disbelieved him at the withdrawal hearing and should have warned him a jury would likely convict him. We disagree. Reyna-Segovia received the withdrawal he sought, and now must accept the consequences of his request. Cf. United States v. Owens, 902 F.2d 1154, 1157 (4th Cir. 1990). More appropriately, Reyna-Segovia challenges his jury conviction on several grounds. We reject them all. Given the overwhelming evidence against Reyna-Segovia, a reasonable jury could easily find him guilty beyond a reasonable doubt. See United States v. McMurray, 34 F.3d 1405, 1412 (8th Cir. 1994). Because the Government's use of a paid informant was permissible, see United States v. King, 803 F.2d 387, 390-91 (8th Cir. 1986) (per curiam), the prosecutor did not commit misconduct at Reyna-Segovia's trial. See United States v. Flores-Mireles, 112 F.3d 337, 341 (8th Cir. 1997). Lastly, Reyna-Segovia should raise his claim of ineffective assistance of trial counsel collaterally rather than on direct appeal. See United States v. Kenyon, 7 F.3d 783, 785 (8th Cir. 1993). We thus affirm Reyna-Segovia's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.