United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2811
_____

United States of America,         *
         *
      Appellee,        *
         * Appeal from the United States
   v.        * District Court for the
         * Eastern District of Missouri.
Terry Lee Guido,         *
         *    [UNPUBLISHED]
      Appellant.       *

_____

Submitted: February 17, 1998
Filed: March 2, 1998
_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Terry Lee Guido appeals his conviction and resulting 78-month sentence imposed by the district court[1] following his guilty plea to one count of attempting to possess with intent to distribute cocaine. Appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Guido has filed a pro se supplemental brief raising additional issues for our consideration. We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Guido suggests he should have received a 3-level acceptance-of-responsibility adjustment, rather than a 2-level adjustment. See U.S. Sentencing Guidelines Manual § 3E1.1(b)(2) (1997). As Guido's sentencing counsel not only failed to object to the 2-level adjustment, but agreed with it, we review for plain error. See United States v. Ball, 999 F.2d 339, 340-341 (8th Cir. 1993) (per curiam). Notwithstanding certain language in the parties' plea stipulation, we find no plain error in the 2-level adjustment, as Guido pleaded guilty the day of trial. See United States v. Nomeland, 7 F.3d 744, 747, 749-50 (8th Cir. 1993).

Guido's sentencing counsel likewise failed to specifically challenge the presentence report's (PSR) characterization of Guido's role in the offense, or to present any evidence regarding his culpability; thus we review for plain error Guido's argument that he should have been granted a role-in-the-offense reduction. See United States v. Carnes, 945 F.2d 1013, 1014 (8th Cir. 1991). We conclude that the district court did not plainly err in failing to grant such a reduction. See U.S. Sentencing Guidelines Manual § 3B1.2(a), (b) (1997); United States v. Cepeda, 907 F.2d 11, 12 (1st Cir. 1990) (district court not required to consider § 3B1.2 reduction where defendant was charged with only one count of four-count indictment against he and co-defendants, and that count described only transaction for which he was convicted); United States v. Williams, 890 F.2d 102, 104 (8th Cir. 1989) (per curiam) (defendant's courier status does not necessarily mean he is less culpable).

Because state court documents bearing Guido's signature clearly reflect that Terry Lee Guido pleaded guilty to giving a false name, and because the district court --as factfinder--determined that the signature matched an uncontested signature of Guido, we find no clear error in the assessment of a criminal history point for the false-name conviction Guido challenges. See United States v. Covington, No. 97-2604, slip op. at 3 (8th Cir. Jan. 8, 1998) (standard of review).

Guido's challenges to the drug quantity attributed to him, the firearm enhancement under U.S. Sentencing Guidelines Manual 2D1.1(b)(1) (1997), and the factual basis and voluntariness of his plea, are each without merit, based on his plea stipulations and in-court admissions. See United States v. Early, 77 F.3d 242, 244 (8th Cir.1996) (per curiam) (defendant who did not challenge plea agreement was bound by stipulations therein); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"); cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Counsel's misadvice regarding Guido's sentence does not render his plea involuntary. See United States v. Bond, No. 97-1668, slip op. at 2 (8th Cir. Feb. 6, 1998). Guido's double-jeopardy challenge is meritless. See United States v. Ursery, 116 S. Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881 (a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause).

We decline to address Guido's claims that plea counsel was ineffective, as such claims are more properly presented in a motion to vacate pursuant to 28 U.S.C. § 2255. See United States v. Reyna-Segovia, 125 F.3d 645, 646 (8th Cir. 1997) (per curiam) (ineffective-assistance claims should be raised collaterally rather than on direct appeal).

We have reviewed the record for nonfrivolous issues in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found none. Guido's motion for appointment of substitute counsel is denied.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.