United States Court of Appeals
FOR THE EIGHTH CIRCUIT

———————

No. 97-2836

———————

United States of America,    *
              *
    Appellee,     *
              *  Appeal from the United States
              *  District Court for the Western
  v.           *  District of Missouri.
              *
Harold R. Barnes,     *
              *  [PUBLISHED]
    Appellant.    *

———————

Submitted: November 28, 1997
Filed: March 23, 1998

———————

Before McMILLIAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.

———————

PER CURIAM.

Harold Barnes appeals his convictions for various drug trafficking and weapons offenses. We affirm.

## I.  BACKGROUND

Barnes was charged with conspiracy to manufacture and distribute methamphetamine, manufacture of methamphetamine, possession with intent to manufacture methamphetamine and carrying firearms in relation to a drug trafficking offense. He entered a plea of not guilty to the offenses and was tried by a jury and

convicted on all counts.  On appeal, Barnes asserts error in the admission of evidence of his flight from law enforcement officers; error in certain jury instructions; and insufficient evidence to support his convictions on the firearms counts and the possession with intent to distribute methamphetamine count.[1]

## II.   DISCUSSION

### A.   Evidence

A district court has broad discretion in ruling on the admissibility of proffered evidence.  See Dillon v. Nissan Motor Co., 986 F.2d 263, 270 (8th Cir. 1993).  Accordingly, we will not disturb a district court's evidentiary ruling absent a clear and prejudicial abuse of that discretion.  See id.  Evidence of flight or escape is admissible and has probative value as evidence of consciousness of guilt.  See United States v. Hankins, 931 F.2d 1256, 1261 (8th Cir. 1991).  Here, Barnes had fled from law enforcement officers after discovery of his methamphetamine manufacturing lab.  The evidence shows that he continued to manufacture methamphetamine during the time he eluded law enforcement.  Under the circumstances, we find no abuse of discretion.

### B.   Jury Instructions

A district court has considerable discretion in charging the jury.  See  Kansas City Power & Light Co. v. Ford Motor Credit Co., 995 F.2d 1422, 1432 (8th Cir. 1993).  Accordingly, when reviewing a claim of instructional error, we consider the instructions in their entirety and determine whether, when read as a whole, the charge

---

[1]Barnes has submitted several essentially incomprehensible pro se briefs and a "Private Demand for Bill of Particulars."  We have reviewed those filings and find that they are not germane to this proceeding.  His assertions are not properly advanced in the direct appeal of a criminal conviction.

fairly and adequately submits the issues to the jury. See <u>Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.</u>, 987 F.2d 1335, 1341 (8th Cir. 1993).

Barnes first argues that the district court effectively enlarged the indictment because Jury Instruction 28 stated that Barnes could be convicted of the firearms conviction if the jury found that Barnes "knowingly carried a firearm," although the indictment charged Barnes with "knowingly and willfully us[ing] and carry[ing] a firearm" during and in relation to the drug offenses. We reject this argument. Proof of any one of the violations charged conjunctively in the indictment will generally sustain a conviction. See <u>United States v. Vickerage</u>, 921 F.2d 143, 147 (8th Cir. 1990). The evidence supported an instruction on the "carry" prong rather than the "use" prong. See <u>Bailey v. United States</u>, 516 U.S. 137 (1995) (holding that a conviction under "use" prong requires active employment of the weapon).

Barnes next argues that the district court erred in Jury Instructions 25 and 28 by defining "carry" as synonymous with "possess." The district court instructed that "the phrase 'carried a firearm' means that the firearm was transported or moved from one location to another and that the firearm was on the person of the defendant, or within his immediate reach." We find that the instructions fairly and adequately informed the jury. The definition of "carries" submitted by the district court is consistent with our case law. See, e.g., <u>United States v. Barry</u>, 98 F.3d 373, 377 (8th Cir. 1996) (finding that transporting guns and drugs in the passenger compartment of a car is sufficient), <u>cert. denied</u>, 117 S. Ct. 1014 (1997).

### C. Sufficiency of the Evidence

Barnes also asserts that the evidence was insufficient to convict him on the firearms counts and the possession with intent to distribute count. This court will reverse a conviction for insufficient evidence only when we conclude that no reasonable juror could find guilt beyond a reasonable doubt. See <u>United States v. Behr</u>,

33 F.3d 1033, 1035 (8th Cir. 1994). We must review the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict. See id.

We have reviewed the record and find sufficient evidence to support the convictions on the firearms counts. At the time he was arrested, Barnes had both methamphetamine and a Ruger 9mm semi-automatic pistol in the passenger compartment of his car. Teresa Vaughn testified that she observed him carrying a gun. She further testified that he carried a .22 caliber with him and had it on him most of the time. Mesha O'Neil also testified that she had seen Barnes carry a gun and identified an Intratec .22 as the gun she had seen him carry. Teresa Vaughn also testified that Barnes manufactured methamphetamine almost every day, twenty-four hours a day. There is more than sufficient evidence for the jury to find that Barnes carried a gun during and in relation to a drug trafficking offense.

We similarly find sufficient evidence to support Barnes's conviction on the possession with intent to distribute methamphetamine count. The evidence shows that Barnes possessed methamphetamine on July 10, 1996. Although Barnes was arrested in actual possession of only a small amount of methamphetamine, the evidence shows that Barnes led a large-scale conspiracy to manufacture and distribute methamphetamine. See United States v. Buford, 108 F.3d 151, 154 (8th Cir. 1997). He also possessed a triple-beam scale that is used in the weighing and distribution of narcotics. We find the direct and circumstantial evidence more than sufficient to support Barnes's conviction on this count.

## III. CONCLUSION

We affirm the conviction and sentence of Barnes in all respects.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.