**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3609

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Allen Henry McKinney, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 15, 1998

Filed: April 17, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

In this appeal following resentencing, Allen Henry McKinney challenges the 168-month sentence imposed by the district court.[1] Counsel has moved to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the district court's application of U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (firearms enhancement) and the denial of Mr. McKinney's motion for substitute counsel

---

[1]The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

on resentencing; and raising challenges to Mr. McKinney's underlying convictions. Mr. McKinney has filed a pro se supplemental brief raising trial errors.

Following a jury trial, Mr. McKinney was convicted of numerous drug offenses. Subsequent to our affirmance of those convictions in United States v. McKinney, 79 F.3d 105, 107 (8th Cir. 1996) (McKinney I), the United States Supreme Court granted certiorari, vacated the prior opinion, and remanded Mr. McKinney's case for plain error review of his 18 U.S.C. § 924(c) firearm conviction. See McKinney v. United States, 117 S. Ct. 1816 (1997). On remand, after briefly summarizing the evidence related to the section 924(c) charge, we concluded that the district court committed plain error in submitting the firearm charge to the jury, as there was insufficient evidence Mr. McKinney "used" or "carried" the firearms in relation to his drug offenses. See United States v. McKinney, 120 F.3d 132, 133-34 (8th Cir. 1997) (McKinney II). In conclusion, we noted that the seizure of the firearms was not without legal significance, and that section 2D1.1(b)(1) provided an enhancement for the possession of a weapon in the course of a drug-trafficking offense; we thus remanded this case for resentencing in accordance with our opinion. On remand, over Mr. McKinney's objection, the district court applied the firearm enhancement, and sentenced Mr. McKinney to 168-months imprisonment.

Trial evidence, as recounted in our opinions in McKinney I and McKinney II, demonstrated that the firearms were sufficiently connected with Mr. McKinney's drug offenses to warrant the section 2D1.1(b)(1) enhancement. We thus find no clear error in the district court's application of the enhancement. See U.S. Sentencing Guidelines Manual. § 2D1.1(b)(1) & comment. 3 (1997) (enhancement applied unless "it is clearly improbable that the weapon was connected with the offense"); United States v. Vaughn, 111 F.3d 610, 616 (8th Cir. 1997) (standard of review); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (no clear error where firearms were found in residence and marijuana found in shed, as they were "found on premises from which Betz conducted drug-related activities where they were readily accessible to Betz");

United States v. Hiveley, 61 F.3d 1358, 1362-63 (8th Cir. 1995) (per curiam) (no clear error where guns were seized from defendant's mobile home, and 1100 pounds of marijuana was seized from a trailer elsewhere on the property). The cases cited by Mr. McKinney--in which the government conceded there was no evidence tying the weapons to the drugs-- are distinguishable.

We further conclude that the district court did not abuse its discretion in denying Mr. McKinney's request for substitution of counsel for resentencing or his concomitant request for a continuance. See United States v. Grady, 997 F.2d 421, 423-24 (8th Cir.) (standard of review; defendant must show "justifiable dissatisfaction with appointed counsel," including conflict of interest, complete breakdown in communication, or irreconcilable conflict (quoted case omitted)), cert denied, 510 U.S. 958 (1993). We decline to address Mr. McKinney's remaining claims--which were addressed in Mr. McKinney's prior appeal, could have been so addressed, or which are more appropriately addressed in collateral proceeding. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) ("law of the case" doctrine and mandate rule prohibit relitigation of settled issue); United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (court need not consider matters that defendant could have raised in prior appeal, but did not); see also United States v. Reyna-Segovia, 125 F.3d 645, 646 (8th Cir. 1997) (per curiam) (ineffective-assistance claims should be raised collaterally rather than on direct appeal).

We have reviewed the record for any nonfrivolous issues in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find none.

Accordingly, the judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.