# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2986

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Eugene H. Mathison, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 27, 1998
Filed: July 14, 1998

_____

Before McMILLIAN, NOONAN,[1] and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Eugene H. Mathison appeals from the final judgment entered in the District
Court[2] for the District of South Dakota upon a jury verdict finding him guilty of
multiple counts of tax evasion, in violation of 26 U.S.C. § 7201.  The district court

_____

[1]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth
Circuit, sitting by designation.

[2]The Honorable Richard H. Battey, Chief Judge, United States District Court for
the District of South Dakota.

sentenced appellant to serve twenty-one months imprisonment and three years supervised release, and to pay $51,019.85 in restitution, a $4,000 fine, $1,448.80 representing the costs of prosecution, and a special assessment of $650. For reversal, Mathison raises a number of pro se challenges to his jury-trial convictions and the resulting sentence. For the reasons discussed below, we affirm the judgment of the district court.

Mathison was the founder, treasurer, and CEO of Golden Age Services Corp., a company that sold living-trust packages to the public. After Golden Age failed to pay various employment taxes, the Internal Revenue Service (IRS) investigated. As a result, Mathison was later charged with thirteen counts of attempting to evade and defeat the payment of federal income-withholding and FICA taxes owed by Golden Age, by concealing and attempting to conceal assets from the IRS through placement of funds and property in the names of nominees, in violation of § 7201. On appeal Mathison first argues the district court erred in denying his motion to dismiss the indictment against him, because § 7201 does not apply to the charged offenses. After de novo review, see United States v. Sykes, 73 F.3d 772, 773 (8th Cir.), cert. denied, 517 U.S. 1246 (1996), we reject this argument. Section 7201 clearly covers the offenses described in the indictment. See 26 U.S.C. § 7201 (stating in relevant part that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title *or the payment thereof* shall . . . be guilty of a felony" (emphasis added)); United States v. McGill, 964 F.2d 222, 230 (3d Cir.) (§ 7201 encompasses two kinds of affirmative behavior--evasion of assessment and evasion of payment--and latter includes, inter alia, placing assets in name of others; citing Spies v. United States, 317 U.S. 492, 499 (1943)), cert. denied, 506 U.S. 1023 (1992).

Next, Mathison argues the district court erroneously admitted prior-bad-acts evidence against him at trial. We agree with the district court, however, that the evidence in question--a false answer Mathison gave during an interview with an IRS official who was investigating Golden Age's delinquent taxes--was an act of evasion

probative of willfulness, an element of the offenses being tried.  We thus conclude the district court did not abuse its discretion in admitting the testimony.  See Fed. R. Evid. 404(b); United States v. Tomberlin, 130 F.3d 1318, 1320 (8th Cir. 1997) (standard of review); United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997) (Rule 404(b) admits evidence of other crimes or acts relevant to any issue in trial unless such evidence tends to prove only criminal disposition; bad acts that form integral part of crime charged fall outside Rule's ambit).

Mathison also complains the district court denied him the right to call his former office secretary, who would have testified that she worked for Mathison at a new business after he left Golden Age, and taxes were promptly paid there.  Assuming this matter is properly before us as an evidentiary issue (the defense did not call this witness, and Mathison's later pro se proffer of her testimony was made for the purpose of discharging counsel), we conclude the evidence was not so probative that the district court abused its broad discretion.  See United States v. Barnes, 140 F.3d 737, 738 (8th Cir. 1998) (per curiam).  In any event, given the other evidence against Mathison, we conclude any error in not admitting this testimony was harmless.  See Fed. R. Crim. P. 52(a).

Next, Mathison argues the district court improperly denied him the right to discharge counsel and present closing argument pro se.  We also reject this argument. First, it is questionable whether Mathison unequivocally asked to proceed pro se, because he stated at one point that he wished to act as co-counsel.  In any event, we do not believe the district judge--who was concerned about jury confusion--abused his discretion in denying the request.  See United States v. Einfeldt, 138 F.3d 373, 378 (1998) (no constitutional right to hybrid representation; it is available at district court's discretion); United States v. Webster, 84 F.3d 1056, 1062 & 1063 n.3 (8th Cir. 1996) (defendant must clearly and unequivocally assert desire to waive counsel and proceed pro se; right to self-representation is unqualified only if demanded before trial, and thereafter is subject to trial court's discretion which requires balancing of defendant's

legitimate interests in representing himself against potential disruption and possible delay).  We likewise reject Mathison's related contention that he is entitled to relief because he withdrew his request for a lesser-charge instruction believing he could present closing argument pro se.

Mathison also argues the district court should have instructed the jury that, to convict him, it had to find more money was due than was reported, Mathison did something to prevent the correct assessment of the tax owed, and he acted with an evil motive; Mathison takes further issue with a portion of the instruction permitting the jury, in determining willfulness, to consider any statements he had omitted.  The record does not indicate Mathison preserved these issues by objecting below, and after reviewing the instructions as a whole, we find no error, much less plain error.  See Fed. R. Crim. P. 52(b); United States v. Barnes, 140 F.3d at 738 (standard of review); Cheek v. United States, 498 U.S. 192, 201 (1991) (willfulness requires government to prove law imposed duty on defendant, defendant knew of duty, and defendant voluntarily and intentionally violated duty); United States v. Clements, 73 F.3d 1330, 1338 (5th Cir. 1996) (instruction accurately set out elements of § 7201 offense where jury was told evidence had to establish beyond reasonable doubt that defendant knowingly and intentionally attempted to evade or defeat payment of  taxes owed).

Next, Mathison argues the prosecution's closing remarks injected new and false allegations into the case.  We reject this argument for lack of a showing that the remarks were inconsistent with the evidence.  Cf. United States v. Robinson, 110 F.3d 1320, 1327 (8th Cir.) (so long as prosecutors do not stray from evidence and reasonable inferences from it, they may use colorful and forceful language in arguments to jury), cert. denied, 118 S. Ct. 432 (1997).  Even if the statements were improper, the defense did not object to them, and exceptional circumstances warranting reversal are not present here.  See id. at 1326.

We also reject Mathison's sentencing arguments centering around his contention that he accurately reported taxes due and simply did not pay them, and we specifically reject his contention that the district court wrongly assessed a two-level enhancement for using a sophisticated means to impede discovery of the offense.  See U.S.S.G. § 2T1.1(b)(2) (1997); cf. United States v. Becker, 965 F.2d 383, 390 (7th Cir. 1992) (affirming sophisticated-means enhancement where defendant hid assets under account identified by arbitrary number, eliminated all bank accounts in his name, and deposited earnings in son's account), cert. denied, 507 U.S. 971 (1993).  Mathison's suggestion that the district court should have referenced existing tax liens in its restitution order is equally meritless.

Mathison raises numerous issues relating to a search warrant affidavit.  However, he did not file a motion to suppress or object to evidence based on an illegal search. Moreover, he challenged the search warrant in another criminal case resulting in convictions that are presently on appeal before us.  We thus decline to consider the search warrant issues Mathison raises here, except to the limited extent we summarily reject his argument that the affidavit was improper for lack of any allegations that he tried to interfere with the assessment of the amount of tax due.

Last, we note Mathison's claims of ineffective assistance of counsel are more properly raised in proceedings under 28 U.S.C. § 2255.  See United States v. Reyna-Segovia, 125 F.3d 645, 646 (8th Cir.1997) (per curiam).

Accordingly, we affirm the judgment of the district court.  We also deny, as meritless or moot, the various motions the parties have filed on appeal.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.