# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3510

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jack L. Sargent, Jr., | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: August 25, 1998
Filed: August 25, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jack L. Sargent, Jr., pleaded guilty to conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was convicted after a bench trial of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court[1] sentenced him to a total of 211 months imprisonment and four years supervised release. In this appeal Sargent

_____

[1]The HONORABLE RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

challenges the sufficiency of the evidence for his firearm conviction, and also challenges his sentence. We affirm.

We first reject Sargent's challenge to his conviction. See United States v. Habhab, 132 F.3d 410, 412 (8th Cir. 1997) (standard of review). The government's evidence showed Sargent carried the firearms listed in the indictment while engaged in the charged conspiracy, and did so to protect his drugs and drug money, and to elude or kill authorities. The evidence also showed that Sargent was carrying one of the firearms while seated in a car on his way to one of the manufacturing sites to finish "cooking" a batch of methamphetamine; that one of the firearms was found under the passenger seat in which he had been seated, when he arrived at the site and was arrested; and that authorities also found another firearm under the driver's seat, as well as ingredients for manufacturing methamphetamine in the trunk. See Muscarello v. United States, 118 S. Ct. 1911, 1913-14 (1998) (carry element of § 924(c) "applies to a person who knowingly possesses and conveys firearms in a vehicle . . . which the person accompanies"); United States v. Barnes, 140 F.3d 737, 738 (8th Cir. 1998) (per curiam).

Moreover, we reject any suggestion by Sargent that the district court should have found his conspirators' trial testimony unreliable because it resulted from a plea agreement. See United States v. Wicker, 80 F.3d 263, 268 (8th Cir. 1996). To the extent Sargent argues the district court should have excluded the testimony because their plea agreements violated 18 U.S.C. § 201(c)(2) (prohibiting gift, offer, or promise of anything of value to witness, for or because of witness's testimony), he did not raise the issue below and we find no plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

As to his sentence, Sargent argues that the district court erred in (1) failing to make specific findings on his objections to the presentence report, (2) denying him an acceptance-of-responsibility reduction, (3) enhancing his sentence for his aggravating

role in the offense, and (4) calculating his criminal history score. We reject each of these arguments.

After careful review of the sentencing transcript, we conclude the district court adequately addressed the objections before it. See United States v. Alaniz, No. 97-3189, 1998 WL 331282, at *5 (8th Cir. June 24, 1998); United States v. Dortch, 923 F.2d 629, 633 (8th Cir. 1991). Further the district court did not clearly err in denying Sargent a reduction for acceptance of responsibility, see U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.4) (1997), or in assessing an enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997) for his role in the offense, see United States v. Jordan, No. 98-1506, 1998 WL 417134, at *5-6 (8th Cir. July 27, 1998) (standard of review; factors); United States v. Crow, No. 97-3613, 1998 WL 391503, at *2 (8th Cir. July 15, 1998) (district court entitled to rely upon evidence presented at trial when making sentencing determination). Sargent's challenge to his criminal history score also lacks merit because it is uncontested that, at the time he committed the instant offenses, Sargent was under a sentence of probation based on his guilty plea to an assault charge. See U.S. Sentencing Guidelines Manual § 4A1.1(c) (1997) (add one criminal history point for prior sentences not counted in subsections (a) and (b)); U.S. Sentencing Guidelines Manual § 4A1.1(d) comment. (n.4) (1997) (add two criminal history points if defendant committed instant offense while under probation countable under § 4A1.2).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.