# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3631

_____

Stanley D. Thomasson,      *
                                   *

         Appellant,      *

                                     *     Appeal from the United States

      v.                                 *     District Court for the

                                     *     Eastern District of Missouri.

United States of America,      *

                                     *        [UNPUBLISHED]

         Appellee.      *

_____

Submitted: October 7, 1999
Filed: October 29, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Stanley D. Thomasson pleaded guilty to five drug and firearm offenses, and the district court sentenced him to an aggregate term of 421 months imprisonment and four years supervised release. In his pro se 28 U.S.C. § 2255 motion, Thomasson asserted, in relevant part, that his conviction for using and/or carrying firearms in violation of 18 U.S.C. § 924(c) stemming from the seizure of guns and drugs at his house on October 14, 1992, was invalid under <u>Bailey v. United States</u>, 516 U.S. 137 (1995); and that his counsel rendered ineffective assistance regarding the drug-quantity attribution for sentencing purposes. The district court denied relief without an evidentiary hearing,

and we now affirm in part and reverse in part, remanding for an evidentiary hearing concerning whether counsel was ineffective with regard to the drug-quantity issue.

Upon our de novo review, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995), we conclude the district court was correct in determining Thomasson was not entitled to relief on his Bailey challenge, because the record shows he was carrying a firearm on his person when federal agents executed a search warrant at his home. See United States v. Barnes, 140 F.3d 737, 739 (8th Cir. 1998) (per curiam) (proof of any one of violations charged conjunctively in indictment will generally sustain conviction); United States v. McKinney, 120 F.3d 132, 133-34 (8th Cir. 1997) ("carry" means to have on one's person, to transport, to remove, or to convey); United States v. Nelson, 109 F.3d 1323, 1325 (8th Cir. 1997) (relevant question is whether adequate factual basis existed for guilty plea).

We conclude, however, Thomasson is entitled to an evidentiary hearing on one ineffective-assistance claim he asserted below, because the record does not conclusively show he is entitled to no relief. See 28 U.S.C. § 2255. Thomasson's counsel and the district court mistakenly believed at sentencing that there was no need to resolve a factual dispute underlying whether Thomasson should be held accountable for twelve pounds of methamphetamine for purposes of determining his base offense level under the Sentencing Guidelines.[1] Because the sentencing court failed to make a factual finding on the disputed issue affecting the drug quantity determination, see Fed. R. Crim. P. 32(c), it is unclear whether Thomasson was prejudiced by his counsel's mistake. We decline to address another ineffective-assistance claim Thomasson raises for the first time on appeal, see United States v. Estes, 883 F.2d 645,

---

[1]According to the presentence report, Thomasson told law enforcement officers after his arrest that he had sold twelve pounds of methamphetamine in the previous six months. Thomasson denied at sentencing that he had made such a statement. Besides his alleged statement, there was no other evidence of a twelve-pound quantity.

648 (8th Cir. 1989) (noting general rule that court of appeals will not consider issues not raised in district court), concerning his counsel's failure to file a direct appeal.

Accordingly, we affirm in part the denial of Thomasson's section 2255 motion, but reverse and remand for an evidentiary hearing on Thomasson's ineffective-assistance claim related to the drug-quantity issue at sentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.