# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1467
_____

United States of America

*Plaintiff - Appellee*

v.

Rashidi Crosdale

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 28, 2022
Filed: December 1, 2022
[Unpublished]
_____

Before LOKEN, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Rashidi Crosdale appeals after he pleaded guilty to being a felon in possession of a firearm. He challenges the district court's[1] denial of his motion to suppress

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendations of the

evidence, and argues that the government committed prosecutorial misconduct by failing to provide a specified police report prior to the suppression hearing. He also argues that his counsel failed to provide effective assistance. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Upon careful review, we conclude that the district court did not err in denying Crosdale's motion to suppress. See United States v. Guzman, 926 F.3d 991, 997 (8th Cir. 2019). The search of Crosdale's vehicle was a valid inventory search, see South Dakota v. Opperman, 428 U.S. 364, 371 (1976), as the officers had reasonable suspicion and probable cause to perform a traffic stop based on the fact that Crosdale matched the description of robbery suspects and was observed exiting a residence that was the subject of a robbery investigation, see United States v. Quinn, 812 F.3d 694, 698-99 (8th Cir. 2016); United States v. Gordon, 741 F.3d 872, 876 (8th Cir. 2013), and had additional probable cause to ultimately arrest him based on his flight from the officers, see United States v. Flores-Lagonas, 993 F.3d 550, 560 (8th Cir. 2021). Officers also had valid consent to search the residence. See United States v. Spotted Elk, 548 F.3d 641, 652 (8th Cir. 2008).

Further, Crosdale did not establish that the government committed prosecutorial misconduct by failing to provide the referenced police report prior to the suppression hearing. Even assuming the government had such an obligation, see United States v. Puebla-Zamora, 996 F.3d 535, 538-39 (8th Cir. 2021), the result of the hearing would not have been different if Crosdale had access to the report, see United States v. Ruzicka, 988 F.3d 997, 1006 (8th Cir. 2021), and the government provided the report after Crosdale requested it, see United States v. Flores-Mireles, 112 F.3d 337, 341 (8th Cir. 1997). Finally, we conclude that Crosdale's ineffective-assistance claim is better

---

Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

suited for collateral proceedings.  See United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, deny Crosdale's motion for new appellate counsel, and affirm.

_____