# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1635

_____

United States of America,

        Appellee,

v.

Lazaro D. Borrero,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 6, 2007
Filed: July 19, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lazaro Borrero appeals the 210-month prison sentence the district court[1] imposed upon remand for resentencing. Counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and Borrero has filed a pro se supplemental brief. Both briefs raise issues that were not raised in the first direct criminal appeal and which we will not now consider. *See United States v. Thompson*, 335 F.3d 782, 784-85 (8th Cir. 2003) (if party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter). As for the issues

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

previously raised, we find no error in the denial of Borrero's motion to suppress drug evidence seized from his person, because we agree with the district court's legal conclusion that exigent circumstances were not required to search Borrero when the search was incident to arrest. *See United States v. Pratt*, 355 F.3d 1119, 1121 (8th Cir. 2004) (if officer has arrested individual, officer may search, without warrant, individual's person incident to that arrest); *United States v. Vanhorn*, 296 F.3d 713, 717 (8th Cir. 2002) (as to suppression ruling, reviewing for clear error district court's factual findings and de novo its legal conclusions based on those facts). We also find sufficient evidence supports the jury's verdict that Borrero possessed cocaine base (crack) with the intent to distribute it. *See* 21 U.S.C. § 841; *United States v. Timlick*, 481 F.3d 1080, 1082 (8th Cir. 2007) (reviewing sufficiency of evidence de novo, viewing evidence in light most favorable to government, resolving conflicts in government's favor, and accepting all reasonable inferences that support verdict). The jury could conclude that the government proved actual possession when police officers testified as to seeing crack in Borrero's hands and finding crack in Borrero's shoes, *see United States v. Gillings*, 156 F.3d 857, 860 (8th Cir. 1998) (defendant had actual possession where crack was found in his pants pocket), and proved intent to distribute based on the recovery of approximately 25 grams of crack and $900 cash, and a DEA agent's testimony that possessing a bag containing 19 rocks of crack and another bag containing 1 ounce of crack was consistent with being a drug distributor, *see id.* at 858-59, 861 (concluding rational jury could have inferred defendant had intent to distribute based on 1 gram of crack found on defendant's person (and other crack found elsewhere), $892 in cash in defendant's possession, and drug paraphernalia found in basement of home where defendant was visiting).

We have reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and we have found no non-frivolous issues. Accordingly, we affirm the sentence, and we grant counsel's motion to withdraw. We also deny appellant's pending motions for appointment of new counsel, to vacate the judgment, and for a stay.

_____