# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2894

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　*　District of Iowa.
Danny Lee Raplinger,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Defendant - Appellant.　　*

———————

Submitted: April 15, 2008
Filed: February 11, 2009

———————

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MELLOY, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Danny Lee Raplinger was indicted on one count each of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) & (e) and § 2251(a) & (b); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1) & (b)(1); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). Raplinger was convicted by a jury on all three counts and sentenced to 457 months and 10 days' imprisonment. On appeal, he challenges several evidentiary and sentencing decisions

of the district court,[1] the denial of his judgment of acquittal and new trial motions, and asserts that the sentence he received is unreasonable. We affirm.

## I.

In August 2004, when Raplinger was 34 years of age, he met and corresponded with a 15 year-old girl, S.S., via an internet account. In early October 2004, Raplinger and S.S. met in person and began a sexual relationship. Raplinger claims that he believed S.S. was sixteen years old when he first encountered her on the internet, however, he admits that he continued to engage in sexual activity with S.S. after learning she was only fifteen. Raplinger and S.S. corresponded frequently via letters, phone, and internet, and he considered her to be his girlfriend.

In October 2004, Raplinger introduced S.S. to his friend Joel Rich. One evening the following month, Rich and another friend were visiting Raplinger in his Cedar Rapids home. S.S. arrived at Raplinger's residence wearing a black top, a miniskirt, and fishnet stockings. Raplinger and S.S. went into his bedroom where the two began kissing. Raplinger then grabbed a Polaroid camera from the top of his dresser and began photographing S.S. Raplinger took somewhere between ten and fifteen photos of S.S., taking the time to reload the camera with film. Raplinger then placed the camera back on the dresser. Eventually Joel Rich entered the room. Using the same camera, Rich took a picture of S.S. wearing only a top and lying on the bed kissing Raplinger. While Rich was still in the room, Raplinger and S.S. began having sexual intercourse. Rich took approximately seven more photographs, finishing off the roll. At some point, photographs of S.S. wearing handcuffs and of S.S. performing oral sex on Joel Rich were also taken.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

After the encounter concluded, S.S. left the residence and took the photographs with her. Later, Raplinger obtained some of the pictures of himself and S.S. and posted them on two of his separate internet accounts. State authorities and the Postal Service began investigating Raplinger's involvement with S.S. and he was arrested on a charge of sexual abuse in early May 2005. Raplinger pleaded guilty to the state sexual abuse charges and was sentenced to three concurrent ten-year sentences in two separate counties.

Raplinger and Rich were also indicted on one count each of sexual exploitation of a child, based on the photographs of S.S. that Raplinger uploaded to his internet account. Rich pleaded guilty to the federal charges and was sentenced to 210 months' imprisonment. While Raplinger was awaiting trial, the government filed a superseding indictment charging him with one count of sexual exploitation of a child and adding counts of possession and distribution of child pornography. Raplinger was tried by a jury and convicted on all three counts. He was sentenced to 457 months and 10 days' imprisonment and 15 years of supervised release, all to run concurrently with the remainder of his undischarged state sentences.

On appeal, Raplinger argues that the district court erred in (1) refusing to allow evidence of his prior state convictions, (2) excluding evidence to support his defense of consent, (3) denying his motions for judgment of acquittal and new trial, (4) applying sentencing enhancements for obstruction of justice and for material depicting sadomasochistic or violent conduct, (6) denying a sentencing reduction based on acceptance of responsibility, and (7) imposing an unreasonable sentence.

## II. Evidence of Prior State Convictions

The government moved *in limine* before trial for an order, pursuant to Federal Rule of Evidence 403, barring Raplinger from presenting evidence related to his two state court convictions for sexual abuse of S.S. In its motion, the government argued

that evidence of Raplinger's state court convictions for sexual abuse of S.S. was irrelevant and could potentially mislead or confuse the jury. In response, Raplinger argued that the convictions should be admissible pursuant to Rules 609(a)(1) and 404(b), as evidence of S.S.'s consent and of the many times in which they engaged in various sex acts. The district court granted the motion, and we review that ruling for abuse of discretion. Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006). We will only reverse "when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." United States v. Two Shields, 497 F.3d 789, 792 (8th Cir. 2007).

The district court ruled that the probative value, if any, of allowing Raplinger to introduce evidence of his state sexual assault convictions was substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury and waste of time. See Fed. R. Evid. 403. In particular, the district court found that the fact of Raplinger's convictions, as opposed to the conduct underlying those convictions, was of little or no probative value. The district court also expressed concerns that Raplinger sought to introduce the convictions in an attempt to appeal to the passions of the jury and circumvent the prohibition on punishment information being presented to the jury, all in an effort to lead the jury to the "false conclusion" that convicting Raplinger of the federal charges would impermissibly punish him twice for the same conduct. Although the court's concerns regarding "double punishment" might have been avoidable through the use of a jury instruction dealing directly with the issue, we cannot say that the district court's conclusions as to the potential of the evidence to mislead or confuse the jury was an abuse of discretion. See United States v. Hochschild, 1997 WL 705089, at *2 (6th Cir. 1997) ("The district court reasonably found that [allowing defendant to reference his prior conviction] could confuse or mislead the jury as to the nature of the instant case, [was] likely to be immaterial, and would be highly prejudicial to the government in the minds of the jury.").

Raplinger's arguments concerning Rule 609(a)(1) are misplaced because admissibility under that rule is only "for the purpose of attacking the character for truthfulness of a witness." Although Raplinger purported to admit the conviction evidence for purposes of impeachment in his motion to reconsider the court's previous ruling, the government stated that it would not seek to impeach Raplinger concerning the prior convictions. Accordingly, the evidence was not being offered to avoid the sting of the government's impeachment, but rather for the impermissible purposes cited by the district court. In addition, even assuming that evidence of Raplinger's convictions was admissible under Rule 404(b), it was still subject to Rule 403 balancing. Accordingly, the district court did not err in granting the government's motion *in limine*.

## III. Evidence of Consent

Next, Raplinger argues that the district court erred in excluding evidence of S.S.'s consent. Again, we review the district court's evidentiary rulings for a clear abuse of discretion, reversing only if the defendant's substantial rights were unduly prejudiced. United States v. Two Shields, 497 F.3d 789, 792 (8th Cir. 2007).

Raplinger filed a motion for determination of admissibility pursuant to Federal Rule of Evidence 412(b)(1)(B), seeking to introduce evidence of certain specific instances of sexual conduct and sexual discussions he had with S.S., as well as evidence that S.S. kept and uploaded to the internet some of the original Polaroid photos taken on the night in question.[2] In his motion, Raplinger offered the evidence to prove S.S. consented to engage in the sexual behavior and lascivious exhibition. The government objected, arguing that the evidence was irrelevant because consent was not a defense to the crimes charged, and therefore it was not "otherwise

[2]The government concomitantly filed a motion *in limine* to exclude such evidence. The district court ruled on Raplinger's motion and denied the government's as moot.

admissible" as required by Rule 412(b). The district court held that consent is not a defense to Count 1, sexual exploitation of a child, and excluded the evidence as irrelevant. Raplinger conceded that it is not a defense to Counts 2 and 3. In its written ruling, the court noted that Raplinger had raised a fairness argument that suggested he might seek admission of the evidence pursuant to Rule 412(b)(1)(C). The district court cautioned that, should Raplinger intend to make that argument at trial, he would need to raise it first outside the presence of the jury. Raplinger, however, did not seek admission of the evidence at trial on any other basis.

Because the district court was correct as a matter of law that consent is not a defense to the crimes charged, it was not an abuse of discretion to exclude the consent evidence. See United States v. Street, 531 F.3d 703, 708 (8th Cir. 2008) (affirming the district court's exclusion of consent evidence as irrelevant in a prosecution under 18 U.S.C. § 2251(a)).

Raplinger also argues that the evidence was relevant to contradict the government's assertion that he engaged in the sexually explicit conduct with S.S. "for the purpose of" producing photographs as required for conviction under 18 U.S.C. § 2251(a). He asserts that evidence of his and S.S.'s multiple sexual encounters would prove that he engaged in the sexually explicit conduct for the purpose of furthering the emotional bond between him and S.S., and not for the purpose of obtaining pictures. He did not attempt to introduce the evidence at trial on that basis or under any other theory. Indeed, Raplinger admits that the district court "directed that evidence of [his] prior and later sexual activities with S.S. could be introduced" for purposes other than demonstrating consent. His failure to offer the evidence at trial precludes our consideration of alternate grounds of admissibility.

The district court's ruling did not unduly prejudice Raplinger's substantial rights. He was allowed to testify about the nature of his relationship with S.S., and the government introduced nearly all of Raplinger's proffered evidence. In fact, as the

district court wrote, the "jury heard all of the relevant sordid details of Defendant's 'relationship' with S.S." See Street, 531 F.3d at 708 (affirming exclusion of evidence in support of defense theory that photographs were taken because the two "were involved in [a] mutual and loving relationship" where defendant was allowed to present other evidence to support the theory and the need to limit the evidence containing gratuitous descriptions of sexual acts outweighed defense's need to present the evidence).

Finally, Raplinger claims that the district court erred in giving Jury Instruction No. 12 which explained that "a minor may not legally consent to being sexually exploited." He argues that the instruction was inappropriate because he never argued consent as a complete defense. The district court, however, was concerned that Raplinger's multiple references to S.S.'s willing participation in the photographing and her manner of dress on the night in question might suggest to the jury that S.S. consented to Count 1. The instruction correctly stated the law and the court did not err in giving it. See Street, 531 F.3d at 709-710 (upholding similar instruction in this context).

IV. Motion for Judgment of Acquittal or New Trial

Raplinger next argues that the district court should have granted his motion for judgment of acquittal on Count 1 because there was insufficient evidence that he engaged S.S. in sexually explicit conduct "for the purpose of" producing photographs as required for a conviction under 18 U.S.C. § 2251(a).[3] We review the district court's denial of a motion for judgment of acquittal de novo. United States v. Saddler, 538 F.3d 879, 886 (8th Cir.), cert. denied, 2008 WL 4904881 (2008). We view the evidence in the light most favorable to the jury's verdict and draw all reasonable

---

[3]Raplinger also argues that he was entitled to a judgment of acquittal based on the evidentiary rulings discussed earlier. Because we found no error in those rulings, we need not revisit those issues here.

inferences in the government's favor.  In so doing, we must not weigh the evidence or assess the credibility of witnesses.  United States v. Nolen, 536 F.3d 834, 842 (8th Cir. 2008).

At trial, the government presented evidence that Raplinger obtained a Polaroid camera and film for the purpose of taking pictures of S.S., enlisted the help of Joel Rich to take pictures, and even stopped to reload the film during the photographing. The government also introduced Raplinger's own videotaped confession in which he stated that it was his idea to take the pictures.  While there may have been no other direct evidence of Raplinger's motive, the government also introduced circumstantial evidence from which the jury could reasonably infer Raplinger engaged in sexually explicit conduct with S.S. for the purpose of producing pictures.  The government need not prove that producing the photographs was Raplinger's sole purpose for engaging in the sexual activity.  See United States v. Sirois, 87 F.3d 34, 39 (2d Cir. 1996) (conviction under § 2251(a) did not require government to prove that illegal sexual activity was the sole or dominant purpose of the minor's being transported so long as the evidence showed it to be one of the dominant motives and not a mere incident of the transportation).  Because the evidence was sufficient to permit a rational jury to find beyond a reasonable doubt that one of Raplinger's dominant purposes was to produce sexually explicit images, the district court did not err.

Raplinger also asserts that he was entitled to a new trial based on the district court's exclusion of evidence in support of his defense of consent.  The decision to grant a motion for new trial is within the sound discretion of the district court, and we will reverse only for an abuse of that discretion.  United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004).  We found no error in the district court's decision to exclude the evidence, and thus we conclude it was not an abuse of discretion to deny Raplinger's new trial motion.

## V. Sentencing

Raplinger appeals the district court's decision to impose certain enhancements and to reject a downward adjustment under the Sentencing Guidelines. We review the district court's factual findings for clear error and its construction and application of the Guidelines de novo. United States v. Abumayyaleh, 530 F.3d 641, 650 (8th Cir. 2008).

The district court imposed a sentencing enhancement under USSG § 3C1.1 for obstruction of justice after concluding that Raplinger perjured himself at trial. Raplinger agues that he only contested the issue of whether he possessed the requisite mental state for conviction on Count 1, something he had a right to do without subjecting himself to the enhancement. The district court, however, did not impose the enhancement based on Raplinger's denials concerning his motives for engaging in the sexually explicit conduct with S.S. Rather, the court imposed the enhancement based on Raplinger's testimony at trial concerning "how the child pornography images came to be taken, when the . . . camera was secured, and how Joel Rich became involved." This testimony was in direct conflict with Raplinger's confession and the district court found it unbelievable. The district court made the requisite findings, based on its own evaluation, that Raplinger gave false testimony under oath about a material matter with the intent to avoid conviction. See United States v. Dunnigan, 507 U.S. 87, 95 (1993) ("The district court's determination that enhancement is required is sufficient [if] . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.").

Although Raplinger was entitled to present his defense, he was not free to perjure himself in doing so. Id. at 96 ("[A] defendant's right to testify does not include a right to commit perjury."). The district court did not err in imposing the enhancement for obstruction of justice. See United States v. Calderon-Avila, 322 F.3d

505, 507 (8th Cir. 2003) (upholding obstruction enhancement where defendant "did not merely attempt to mount a defense [but rather] suborned perjury to obstruct the government in its prosecution efforts").

Raplinger also argues he was entitled to a reduction in offense level based on acceptance of responsibility. He points to his admissions at trial that he participated in taking sexually explicit photos of S.S. and posted some on the internet. He argues that he challenged the intent element only, and that the government should have recommended the reduction. The district court rejected his argument, finding that Raplinger failed to meet his burden. Alternatively, the district court denied the reduction based on having imposed the obstruction of justice enhancement. Although it is true that a reduction for acceptance of responsibility is not necessarily foreclosed by an obstruction of justice enhancement, the obstructive conduct "ordinarily indicates that the defendant has not accepted responsibility." USSG § 3E1.1, comment. (n. 4) (2006). That is the case here. Raplinger put the government to its burden of proof at trial and committed perjury as he contested the element of "purpose." The district court did not err in denying Raplinger a reduction for acceptance of responsibility.

Next, Raplinger appeals the district court's imposition of a four-level increase for possession of material depicting sadistic, masochistic, or violent conduct pursuant to USSG § 2G2.1(b)(4) (2006). The district court based its decision on two sexually explicit photographs depicting S.S. wearing handcuffs. Raplinger opposes the imposition, arguing that the handcuffs were "toy handcuffs" which S.S. voluntarily put on and which did not cause her pain. The enhancement, however, applies to material depicting sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities. See United States v. Starr, 533 F.3d 985, 1001 (8th Cir. 2008) (rejecting defendant's argument that actual "pain or injury suffered on the part of [the minor]" was necessary for the enhancement). In fact, Raplinger's counsel conceded at the sentencing hearing that the guideline applies to what the material portrays rather than what the victim experiences. The district court did not

err in imposing the four-level increase.  See United States v. Wolk, 337 F.3d 997, 1008 (8th Cir. 2003) (upholding enhancement based on sexually explicit photos of children in handcuffs).

Finally, Raplinger argues that the district court erred by imposing an unreasonable sentence.  We review the substantive reasonableness of the district court's sentencing determination for abuse of discretion.  United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008).  In so doing, we must first ensure that the district court committed no significant procedural error.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  If no significant procedural error is found, we then consider "the totality of the circumstances" in determining if an abuse of discretion occurred.  Id.  A sentence within the advisory Guidelines range is presumptively reasonable on appeal.  United States v. Spotted Elk, 548 F.3d 641, 679-680 (8th Cir. 2008).

Raplinger argues that his 457-month sentence is unreasonable under the totality of the circumstances.  In particular, he  argues that he has been punished in state court for an improper sexual relationship with a minor, conduct he has not denied and for which he gave a post-arrest confession.  He objects to the disparity between his 457-month sentence and the 210-month sentence imposed on Joel Rich for similar conduct.  Finally, he complains that the district court did not adequately consider the Bureau of Prisons' findings that he did not demonstrate the characteristics of a pedophile.

Raplinger concedes that he was convicted of two additional federal crimes that Rich was not, and that Rich's sentence of 210 months followed a guilty plea.  The record reveals that the district court fulfilled its obligation to consider all of the factors under 18 U.S.C. § 3553 (a).  Raplinger's total offense level was 51, but the district court noted that the Guidelines limited his total offense level to 43.  See USSG Ch. 5, Pt. A, comment. (n.2).  With a criminal history category of I, his advisory Guidelines sentence would be life, or 470 months.  See United States v. Keller, 413 F.3d 706, 711 (8th Cir. 2005) (recognizing 470 months as correct starting point for Guidelines

sentence of life).    The district court's sentence of 457 months and 10 days' imprisonment, following a 12 month and 20-day credit for time spent in state custody pursuant to USSG § 5G1.3(b)(1), was essentially equivalent to a life sentence. The record indicates that the district court considered all relevant factors and we cannot say that it abused its wide discretion in sentencing Raplinger.

VI.

For the reasons stated above, we affirm the judgment of the district court.

_____