# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3718

_____

United States of America,         *
                                      *

        Appellee,             *   Appeal from the United States
                                    *   District Court for the Eastern
       v.                    *   District of Arkansas.
                                    *

Terry Lamont Williams,       *       [UNPUBLISHED]
                                    *

        Appellant.          *

_____

Submitted: December 14, 2009
Filed: January 5, 2010

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

Terry Williams appeals from his sentence of 235 months' imprisonment for aiding and abetting the possession of cocaine with the intent to distribute it. *See* 21 U.S.C. § 841, 18 U.S.C. § 2(a). He presents two issues for our consideration.

Mr. Williams argues first that he was entitled to a departure from his guidelines range of 235 to 293 months because his criminal history category over-represented the seriousness of his criminal history. *See* U.S.S.G. § 4A1.3(b)(1). He asks us to

characterize the district court's[1] denial of his motion for a downward departure as a "procedural error" that requires a *de novo* review under *Gall v. United States*, 552 U.S. 38, 51 (2007). We decline this invitation because what *Gall* requires, as relevant here, is that a reviewing court decide as a matter of law whether a sentencing court correctly determined the guidelines range applicable to a defendant's circumstances, *id.*, and there is no dispute that the district court did that in this case. The decision whether to depart from the guidelines is entirely distinct and separate from the determination of the appropriate guidelines range, and we may not review a district court's refusal to grant a motion for a downward departure absent a showing of the district court's unconstitutional motive or a failure on its part to recognize its legal authority to depart. *United States v. Saddler*, 538 F.3d 879, 889 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 770 (2008). Since Mr. Williams does not maintain that either of these conditions is present here, his appeal on this point necessarily fails.

We find equally meritless Mr. Williams's contention that the district court should have varied from the guidelines range because of his disadvantaged youth and because he was unlikely to offend again. A complaint about a district court's failure to give a sentence outside the guidelines is, at bottom, merely an assertion that the sentence is unreasonable. When we review a sentence for reasonableness, we will reverse only if a district court abused its discretion, that is, if in fixing the sentence the court failed to consider a relevant factor that should have been given significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the appropriate factors. *United States v. Thundershield*, 474 F.3d 503, 509-10 (8th Cir. 2007). We presume, moreover, that a sentence is reasonable if, as here, it is within the guidelines range. *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009), *cert. denied*, 129 S. Ct. 2814 (2009). In imposing the present sentence, the district court clearly had the required

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

considerations outlined in 18 U.S.C. § 3553(a) in mind, did not take improper matters into account, and carefully weighed the evidence that Mr. Williams offered in mitigation at the sentencing hearing. That evidence was both relevant and cogent but nothing about it compelled the district court to choose a lesser sentence than it gave or rendered its sentence unreasonable. We thus see no abuse of discretion here.

Affirmed.

_____