# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3146

_____

United States of America,                    *
                                              *
        Appellee,                          *
                                              *    Appeal from the United States
    v.                                      *    District Court for the
                                              *    Eastern District of Missouri.
Torrey Davidson,                              *
                                              *    [UNPUBLISHED]
        Appellant.                         *

_____

Submitted: December 13, 2010
Filed: February 11, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Torrey Antwan Davidson of possession with intent to distribute heroin and marijuana, and possession of a firearm in furtherance of drug trafficking. Following the government's case, Davidson moved for judgment of acquittal, which was denied. The jury found him guilty. He appeals, arguing there was insufficient evidence to support the convictions.

Denial of a motion for judgment of acquittal is reviewed de novo. *United States v. Street*, 531 F.3d 703, 710 (8th Cir. 2008). When sufficiency of the evidence is the basis for a motion for acquittal, the evidence is reviewed "in the light most favorable to the verdict" with all reasonable inferences supporting the verdict

considered established.  ***United States v. Campa-Fabela***, 210 F.3d 837, 839 (8th Cir. 2000).

Police received complaints about drugs being sold from Davidson's mother's house.  She consented in writing to a search of her home.  Officers entered a bedroom that had numerous new and used colostomy bags scattered around.  The room smelled of urine and feces.  Davidson, who is wheelchair bound, was lying on the bed.  He told police that he did not live there, but had only spent the night there.  On the night stand, the officers found an open pill bottle with burnt marijuana cigar ends, a syringe, a needle, a small bag of marijuana, and a scale with sandwich baggies next to it.  A loaded pistol was inside the night stand.  Davidson then told the police he "got the gun off the streets."  In the bedroom was a refrigerator.  Davidson told officers it contained another bag of marijuana which was his, but the black tar was not.  In the refrigerator, officers found a large amount of drugs:  22.64 grams of black tar heroin and 117.17 grams of marijuana.

At trial, Davidson testified he did not know the gun was in the night stand.  His mother testified that the officers did not explain or review the consent form.  Both his mother and sister testified that he did not live there.  Davidson denied knowledge of the drugs in the refrigerator.  He also denied selling drugs from the home.

Evidentiary conflicts are resolved in support of the jury verdict.  ***United States v. Scott***, 64 F.3d 377, 380 (8th Cir. 1995).  Constructive possession can be sufficient to support a conviction for possession.  *See* ***United States v. Robertson***, 519 F.3d 452, 455 (8th Cir. 2008).  Mere presence in a house with contraband is not sufficient to support a conviction for possession.  ***United States v. Jackson***, 610 F.3d 1038, 1043 (8th Cir. 2010).  However, a person may have constructive possession if he has control over the contraband or the premises where it is concealed.  ***Id.***  "Intent to distribute may be proved by either direct or circumstantial evidence."  ***United States v. Brett***, 872 F.2d 1365, 1370 (8th Cir. 1989).

In this case, the jury could reasonably find that Davidson controlled and (at least constructively) possessed the bedroom and the contraband. His possession of the large amounts of drugs was sufficient to support a conviction for intent to distribute. *See United States v. Shurn*, 849 F.2d 1090, 1093 (8th Cir. 1988). In regard to the firearm-possession-for-trafficking charge, the drugs and a gun were kept in close proximity, the gun was quickly accessible, and there was expert testimony regarding the use of this type of gun in connection with drug trafficking. *See United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008). The evidence was sufficient to uphold Davidson's convictions. *See United States v. Lemon*, 239 F.3d 968, 971 (8th Cir. 2001) (considering evidence in its entirety to determine if it is sufficient to support a conviction).

Having jurisdiction under 28 U.S.C. § 1291, this court affirms the judgment of the district court.[1]

_____

[1]The Honorable Catherine D. Perry, Chief United States District Judge for the Eastern District of Missouri.